**244**

Anthony T. LEE et al., Plaintiffs-
Appellants,

United States of America, Plaintiff-
Intervenor and Amicus Curiae,

National Education Association, Inc.,
Plaintiff-Intervenor,

v.

MACON COUNTY BOARD OF EDU-
CATION et al., Defendants,

Anniston City School System,
Defendant-Appellee.

No. 73-2002.

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1973.

U. W. Clemon, Birmingham, Ala.,
Norman Chachkin, Jack Greenberg, New
York City, for appellants.

Solomon Seay, Montgomery, Ala., for
N.E.A.

Brian K. Landsberg, Paul F. Hancock,
Attys., Dept. of Justice, Civil Rights
Div., Washington, D. C., Wayman G.
Sherrer, U. S. Atty., Birmingham, Ala.,
for amicus curiae.

Walter J. Merrill, Anniston, Ala., for
appellee.

Before BELL, AINSWORTH AND
GODBOLD, Circuit Judges.

PER CURIAM:

This appeal by private plaintiffs-ap-
pellants involves a new plan for student
and faculty desegregation of the Annis-
ton, Alabama, City Board of Education
which was approved on April 9, 1973, by
the district court, on joint motion of the
Board and the United States.

A short chronological history of this
matter is appropriate. We affirmed the
order of the three-judge district court
approving a plan of desegregation for
Anniston, by our decision in this cause
dated July 15, 1970. *See* 429 F.2d 1218
(5 Cir.). The plan was implemented in
the 1970-71 school year. On March 4,
1971, the United States moved the dis-
trict court to require the Board to pre-
pare a new plan of desegregation. A
consent order was entered on June 23,
1971 providing for strict enforcement of
attendance zone lines. Then, on October
1, 1971, the district court ordered the
filing of a new plan by October 25, that
the parties file their objections to it by
November 8, and set a hearing for No-
vember 18 and 19, 1971. The plan was
duly filed and the United States filed its
response thereto. No objection to the
plan was filed by appellants. The hear-
ing was held by the court on November
18 and 19 and 12 witnesses testified con-
cerning the proposed plan and the objec-
tion thereto of the United States. Ap-
pellants, however, did not participate in
the hearing. Thereafter, on December
28, 1971, the Board requested an order
from the court to obtain the services of
the Auburn University Center For As-
sisting School Systems With Problems
Occasioned By Or Incident To Desegre-
gation, which was granted on January 5,
1972. The Auburn Center made a de-

tailed investigation and submitted a voluminous report which, with a new desegregation plan, was filed by the Board on May 10, 1972. A further hearing was held on June 19, 1972, after the United States had filed its response to the alternate plan objecting thereto, and testimony was taken. Appellants did not participate in the hearing.

The district court issued its order approving the plan with some modifications on August 15, 1972, and the United States appealed on August 30, 1972. Appellants who had not participated in any of the hearings did not appeal nor did they join the United States in its appeal.[1] While the case was on appeal the United States and the Board jointly requested that we vacate the August 15, 1972 order and remand the case to the district court that a new plan might be presented. We granted the motion on December 20, 1972.[2]

On January 9, 1973, appellants prematurely filed objections to the proposed plan, but the plan was not actually filed with the court until February 20, 1973 when the Board and the United States jointly moved the district court for approval thereof.[3] On April 9, 1973, the district court, without a further evidentiary hearing, on consideration of the joint motion and the objections heretofore filed by the private plaintiffs, approved the plan "with some minor changes suggested by the objections filed by the private plaintiffs and other changes made by the court." Appellants then brought this appeal.

Anniston is a city of 31,533 people, of whom 10,891 are black. In the last school year, 1972-73, it operated 15

schools with 6,336 students, of whom 3,251 (51.3%) were black. The new plan of desegregation approved by the court provides for much more integration of the school system. The secondary schools will be completely integrated by providing one high school for all students, black and white, where two existed before, and one junior high school for all students where there were two before. Five elementary schools, two formerly black and three formerly white, considered by the Auburn Center Study to be the poorest in physical condition in the system, will be closed and all of the students, white and black, in these schools will be transferred to the formerly Johnston Junior High School. Two all-black schools remain but the plan approved by the district court of April 9, 1973 provides, "The School Board recognizes their obligation to eliminate the racial identity of these schools and will continue to study means of desegregating the facilities. The Board will file a report with the United States District Court for the Northern District of Alabama by June 1, 1974, indicating the steps that have been taken to achieve further desegregation at these facilities and detailing the efforts that will be taken in the future."

Appellants' contention that they were entitled to a further evidentiary hearing on their objections is without merit. All of the facts concerning the several alternatives for desegregating the Anniston schools have been thoroughly and completely considered in the record. A further hearing would not be productive of any information not already fully available to the court as the result of

---

1. The United States asserts in its brief (p. 5) that plaintiffs were served copies of all documents filed by the Government and were notified of each hearing date.

2. After the appeal from the August 15, 1972 order was lodged with the court, we are informed by the Board and the United States that voluntary negotiations were entered into in an attempt to resolve the questions presented in the appeal. After a two-day conference in Anniston an agreement was reached resulting in adoption by

the Board of a new and "drastically different" plan of desegregation for the 1973-74 school year.

3. In their brief appellants allege that they were not served with a copy of the joint motion of February 20, 1973, but the allegation is refuted by the United States which attaches a copy of its letter dated February 22, 1973, showing service of a copy thereof on appellants' counsel, Mr. U. W. Clemon.

prior hearings, none of which was attended by private plaintiffs-appellants who chose not to participate therein. The district court nevertheless considered the objections raised by appellants and made some changes suggested by them. We believe the court has exercised reasonable discretion under the circumstances. It is apparent that substantial progress has been made by the Board. The district court has exercised close supervision over the operation of the plan in the past and we may expect it to do so in the future, especially in light of the requirement that the School District must file a report with the court on October 15, 1973, and annually thereafter, showing the racial composition of each school, students and teachers, number of requests of majority to minority transfers, number of inter-district transfers granted and race of the students transferred, and whether the Board has sold or abandoned any school facility or equipment.

Affirmed.