**Anthony T. LEE et al., Plaintiffs,**

**United States of America, Plaintiff-Intervenor-Appellant,**

**National Education Association, Inc., Plaintiff-Intervenor,**

v.

**DEMOPOLIS CITY SCHOOL SYSTEM et al., Defendants-Appellees.**

No. 77–1233.

United States Court of Appeals, Fifth Circuit.

Aug. 8, 1977.

Rehearing and Rehearing En Banc Denied Oct. 4, 1977.

Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., J. Stanley Pottinger, Asst. Atty. Gen., Thomas M. Keeling, Franz Marshall, Burtis M. Dougherty, Jr., Attys., Dept. of Justice, Washington, D. C., for plaintiffs.

H. A. Lloyd, Demopolis, Ala., for defendants-appellees.

Solomon S. Seay, Jr., Montgomery, Ala., for N. E. A.

Before BROWN, Chief Judge, and MORGAN and GEE, Circuit Judges.

GEE, Circuit Judge:

Demopolis is a medium-sized town in Western Alabama which, until 1969, operated a dual school system. As a result of a court-ordered desegregation plan, all students in grades 7–12 were assigned to one junior and one senior high school. These higher grades have operated since on a desegregated basis. There had, before the order, been three all-white schools and one all-black one which served all grades. The order converted the former black school and one of the former white ones to elementary schools serving two geographic zones. Under this plan, it has worked out that the black school, Eastside, remains essentially all black. For the school year 1970–71, it was 95% black, climbing back a percentage point or so at a time to 100% by 1974–75, but falling back to 98% for 1975–76. The other elementary school, formerly white, remained overwhelmingly so: percentages of black students there ranged from a low of nine in 1970–71 to a high of thirteen in 1974–75 and 1975–76. These schools are about two-and-one-quarter miles apart by road, a drive of under ten minutes, and are

separated by no very significant barriers. A substantial highway does divide them, but it is controlled by traffic lights. The school board has repeatedly stated that only pairing will effectively desegregate these schools. On these essential and not seriously disputed facts, and without subsidiary findings, the district court found the Demopolis system unitary. So finding, it refused to order further measures to alter the racial imbalance in the elementary schools of this small city, and the United States appeals.

This finding of the district court cannot stand. It is clearly erroneous. *See Dayton Board of Education v. Brinkman,* —— U.S. ——, ——, 97 S.Ct. 2766, 53 L.Ed.2d 851 (1977). The district court had obviously hoped that its milder, earlier orders would have effect to desegregate the elementary schools of Demopolis. They have entirely failed. We do not here contemplate a system including two or three essentially one-race schools resulting from geographic or demographic accidents and surviving as minor anomalies in a broadly integrated program, despite earnest planning and honest effort to eliminate them and those like them, because practical considerations of hazard, distance or expense all but forbid their elimination. *Cf. Carr v. Montgomery County Board of Education,* 377 F.Supp. 1123 (M.D.Ala.1974), *aff'd,* 511 F.2d 1374 (5th Cir.), *cert. denied,* 423 U.S. 986, 96 S.Ct. 394, 46 L.Ed.2d 303 (1975); *Stout v. Jefferson County Board of Education,* 537 F.2d 800 (5th Cir. 1976). This is a case where, in a small city spanned by mostly walking distances, and after eight years, elementary school desegregation has never *begun.* Nor

do we think the procedure carefully laid down by the Supreme Court in *Brinkman, supra,* for considering such cases as this and the remedies to be granted in future cases applies here.[1] For the Court commences its definitive pronouncement in *Brinkman* with the words "in a case such as this, where mandatory segregation by law of the races has long since ceased . . . ." —— U.S. at ——, 97 S.Ct. at 2775. Here, it is true, segregation "by law" has ceased, but all is as it was before it did. The only elementary schools Demopolis *has* are one-race schools, and the black school is about as black today and the white school about as white as either ever was. In so extreme a case and on these unique statistics, we think we are entitled to presume an intent to discriminate on the part of local authorities, and we do so. It is plain (and practically admitted) that no measure short of pairing the two one-race elementary schools will produce desegregation of them. Milder measures have failed. The evil is clearly systemwide, for all the elementary schools in the system are involved, and all remain effectively segregated. We therefore vacate the order of the district court and remand, with directions that the elementary schools of Demopolis be paired and for further proceedings not inconsistent with this opinion. It is so ORDERED.

---

1. The duty of both the District Court and the Court of Appeals in a case such as this, where mandatory segregation by law of the races in the schools has long ceased, is to first determine whether there was any action in the conduct of the business of the school board which was intended to, and did in fact, discriminate against minority pupils, teachers or staff. *Washington v. Davis, supra* [426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597]. All parties should be free to introduce such additional testimony and other evidence as the District Court may deem appropriate. If such violations are found, the District Court in the first instance, subject to review by the Court of Appeals, must determine how much incremental segregative effect these violations had on the racial distribution of the Dayton school population as presently constituted, when that distribution is compared to what it would have been in the absence of such constitutional violations. The remedy must be designed to redress that difference, and only if there has been a systemwide impact may there be a systemwide remedy. *Keyes* [*School District No. 1, Denver, Colorado*], *supra* [413 U.S. 189], at 213 [93 S.Ct. 2686, 37 L.Ed.2d 548]. —— U.S. at ——, 97 S.Ct. at 2775.