Anthony T. LEE et al., Plaintiffs,

United States of America, Plaintiff-Intervenor, Amicus Curiae-Appellant,

National Education Association, Inc., Plaintiff-Intervenor,

v.

TUSCALOOSA CITY SCHOOL SYSTEM, Defendant-Appellee.

No. 76–3644.

United States Court of Appeals, Fifth Circuit.

June 19, 1978.

---

Wayman G. Sherrer, U. S. Atty., Caryl P. Privett, Asst. U. S. Atty., Birmingham, Ala., Thomas M. Keeling, Ed. Section, John C. Hoyle, Atty., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-intervenor, amicus curiae-appellant.

Sam M. Phelps, Tuscaloosa, Ala., for defendant-appellee.

Gray, Seay, & Langford, Montgomery, Ala., Demetrius C. Newton, Birmingham, Ala., Jack Greenberg, NAACP Legal Defense & Educational Fund, New York City, U. W. Clemon, Birmingham, Ala., William J. Baxley, Atty. Gen., Montgomery, Ala., for State officials.

Before AINSWORTH, GODBOLD and HILL, Circuit Judges.

PER CURIAM:

In *Lee v. Macon Cty. Bd. of Educ.*, 5 Cir., 1970, 429 F.2d 1218, this court affirmed a desegregation order for the school system of Tuscaloosa, Alabama. Plaintiffs now seek supplemental relief, contending that Tuscaloosa's schools have not been fully desegregated. The district court granted supplemental relief concerning faculty desegregation pursuant to *Singleton v. Jackson Municipal Separate School Dist.*, 5 Cir. (en banc), 1970, 419 F.2d 1211. The defendant was also ordered to supply free transportation for students electing the majority to minority transfer plan. But relief for allegedly unconstitutional pupil assignment was denied, and plaintiffs appeal. We vacate and remand.

The central problem in this case is that two high schools, two junior highs, and several elementary schools have remained racially identifiable since the implementation of the 1970 desegregation plan. Attendance in the system as a whole is approximately evenly divided between white and black students. Tuscaloosa's schools have operated in conformity with a neighborhood assignment plan since the entry of the 1970 desegregation order. Plaintiffs' challenge to the constitutionality of Tuscaloosa's school system is in effect an attack on the adequacy of the 1970 order as a means of eradicating the dual school system. The adequacy of the 1970 order must be evaluated in light of the current understanding in this Circuit of school desegregation law. *See Dandridge v. Jefferson Parish School Bd.*, 5 Cir., 456 F.2d 552, 554, *cert. denied*, 409 U.S. 978, 93 S.Ct. 306, 34 L.Ed.2d 240 (1972). Thus, the issue is whether a unitary system was ever achieved. The racial composition of Tuscaloosa's schools are not the result of demographic changes subsequent to implementation of the desegregation order, *see Pasadena City Bd. of Educ. v. Spangler*, 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976), but have existed since the implementation of the 1970 order.

The companion case to the original desegregation of Tuscaloosa's schools involved the school system of Anniston, Alabama, *see Lee v. Macon Cty. Bd. of Educ. (Anniston & Tuscaloosa)*, 5 Cir., 1970, 429 F.2d 1218. Anniston is an example of a post-*Swann*[1] modification of a neighborhood assignment plan. The Anniston school board and the plaintiffs agreed on a modification of the neighborhood assignment plan, and the new plan, "provid[ing] for much more integration of the school system," was approved in *Lee v. Macon Cty. Bd. of Educ. (Anniston)*, 5 Cir., 1973, 483 F.2d 244, 245.

An examination of the racial composition of Tuscaloosa's schools reveals that several of the schools are racially identifiable.[2]

---

1. *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971).

2. The record indicates the white-black pupil enrollment as follows:

Tuscaloosa and Druid high schools are 1.8 miles apart, yet Druid is virtually all black. The situation in the junior highs and elementary schools is less extreme, but virtually one-race schools still exist in the system. Such an incidence of racially identifiable schools is inconsistent with the achievement of unitary status. *See Lee v. Demopolis City School System*, 5 Cir., 1977, 557 F.2d 1053.

 Vacating the district court's denial of supplemental relief and remanding for further proceedings does not indicate approval by us of the "Burford plan" presented by the plaintiffs. However, the district judge must carefully fashion a remedy that is designed to alleviate the condition of racially identifiable schools in Tuscaloosa. The school board's constitutional duty is to cure the continuing effects of the dual school system, not to achieve an ideal racial balance. *See Dayton Bd. of Educ. v. Brinkman*, 433 U.S. 406, 419–20, 97 S.Ct. 2766, 2775, 53 L.Ed.2d 851 (1977); *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402

| Elementary Schools | 1970–71 | | | 1975–76 | | |
|---|---|---|---|---|---|---|
| | W | B | T | W | B | T |
| Alberta | 329 | 72 | 401 | 245 | 57 | 302 |
| Arcadia | 418 | 0 | 418 | 364 | 32 | 396 |
| Central | 29 | 271 | 600 | 17 | 391 | 408 |
| East End | 166 | 83 | 249 | 110 | 80 | 190 |
| Northington | 507 | 65 | 572 | 410 | 45 | 455 |
| Oakdale | 150 | 83 | 233 | 116 | 53 | 169 |
| Parkview | 51 | 168 | 219 | 71 | 136 | 207 |
| Skyland | 679 | 5 | 684 | 498 | 42 | 540 |
| Stafford | 85 | 104 | 189 | 75 | 93 | 168 |
| Stillman Heights | 30 | 367 | 397 | 7 | 400 | 407 |
| 32nd Avenue | 19 | 757 | 776 | 0 | 707 | 707 |
| 20th St. | 0 | 547 | 547 | 0 | 438 | 438 |
| University Place | 365 | 30 | 395 | 331 | 27 | 358 |
| Verner | 267 | 132 | 399 | 244 | 87 | 331 |
| Woodland Forrest | new school opened 1974 | | | 277 | 1 | 278 |
| Junior High Schools | | | | | | |
| Eastwood Jr. High | 1069 | 147 | 1219 | 1021 | 139 | 1160 |
| Tuscaloosa Jr. High | 559 | 534 | 1093 | 319 | 439 | 758 |
| Westlawn Jr. High | 139 | 1016 | 1155 | 92 | 889 | 981 |
| High Schools | | | | | | |
| Druid High | 29 | 948 | 977 | 10 | 997 | 1007 |
| Tuscaloosa High | 1736 | 248 | 1984 | 1463 | 322 | 1785 |

After this case was argued, we received the attendance figures for the first week of the 1977 78 school term. Those figures indicate that the percentage of black students in the Tuscaloosa system has generally increased, but that the racially identifiable character of several schools has not been eliminated.

U.S. 1, 24, 91 S.Ct. 1267, 1280, 28 L.Ed.2d 554 (1971).[3]

On remand, this matter should be expedited. The parties and the court are directed to see to the implementation of a desegregation plan at the earliest practicable time.

VACATED AND REMANDED.

**3.** For a discussion of tailoring the remedy to the constitutional violation, *see generally* Kanner, *From Denver to Dayton: The Development of a Theory of Equal Protection Remedies*, 72 Nw.L.Rev. 382 (1977).

